MARY MORROW, Administratrix, v. ST. PAUL CITY RAILWAY COMPANY.[1]

July 3, 1896.

Nos. 9959—(224).

New Trial—Erroneous Reason for Granting.

>    Where the trial court assigns an insufficient reason in support of its order
>    granting a new trial, the order will not be reversed if it appears from the
>    record that prejudicial errors of law occurred on the trial, which were ex-
>    cepted to.

Master and Servant—Safe Place to Work—Submission of Question not in Issue.

>    Held, that the trial court erred in submitting to the jury in this case the
>    question whether the defendant furnished the plaintiff's intestate (an em-
>    ployé of the defendant) a safe place in which to work, for the reason that such
>    question was not one of the issues under the pleadings.

Appeal by plaintiff from an order of the district court for Ramsey
county, Willis, J., granting a motion for a new trial. Affirmed.

C. D. & Thos. D. O'Brien, for appellant.

Munn, Boyesen & Thygeson, for respondent.

START, C. J. The plaintiff's intestate, George Morrow, was on
March 22, 1895, a conductor in the employ of the defendant, on one
of its electric car lines, known as the "Selby Avenue Extension,"
which connected with its cable line at Milton street, in the city of
St. Paul. While he was engaged, on the day named, in transferring
his car from one track to another on the electric line, a cable train
collided with the electric car, whereby he received injuries from
which he died two days thereafter. This action was brought by his
administratrix to recover damages for his death, on the ground that
it was caused by the negligence of the defendant. The specific and
only acts of negligence on the part of the defendant charged in the
complaint are that the gripman operating the cable train was in-
competent and unable to manage the same, to the knowledge of the
defendant; that the cable, machinery, and appliances furnished by
the defendant to propel, control, and operate the cable train were

1 Reported in 67 N. W. 1002.

insufficient and defective. These allegations were put in issue by the answer. There was a verdict for the plaintiff in the sum of $3,500, and the defendant moved the court for a new trial, on the ground, among others, that the verdict was not justified by the evidence, and for errors of law occurring on the trial, and excepted to by the defendant. The motion was granted in general terms, without specifying the particular grounds therefor; but, in his memorandum attached to the order granting the motion, the trial judge stated that the defendant was entitled to a new trial, by reason of error on the trial in permitting the plaintiff to cross-examine the gripman of the cable train, who was called as a witness by the defendant, as to his competency.

If this alleged error was the only one in the case, we should find difficulty in affirming the order, for the cross-examination of the gripman did not exceed the reasonable limits which the trial court, in its discretion, had a right to permit. But the reason assigned in the memorandum for making the order is no part of the order, and it will not be reversed if other prejudicial errors of law occurred on the trial, and were excepted to by the defendant.

The court instructed the jury to the effect that the defendant was bound to use due care and caution to provide a safe place for its servants in which to perform the duties assigned to them, and that for any violation of this rule the defendant was liable for damages. The exception to this instruction, and the response of the court thereto, are in these words:

"Mr. Thygeson: I would like at this time to take an exception to that part of the court's remarks, just made, that the defendant is liable in this case because of failure to furnish a safe place in which the servant should be employed, on the ground that there is no such issue in this case. The Court: Well, it is for the jury to say, under all the circumstances, whether the regulation that a man shall get down on the ground, and stand back of his car, at the time when he puts the trolley on, was a regulation or instruction which furnished him a safe place or not, in view of the close proximity of the switch to the other track, and all the surrounding circumstances in the case."

It is to be noted that the attention of the court was by the exception specifically called to the fact that there was no issue in the case as to whether the place assigned to the deceased in which to work was unsafe or not. If it was so in fact, by reason of the conditions sug-

gested by the court to the jury, they may have been obvious to the deceased, and he assumed the risks.    We have already stated the only acts of negligence on the part of the defendant charged in the complaint, and the charge that the defendant was negligent in not furnishing a safe place for the deceased in which to perform his work was neither alleged nor litigated, by consent or otherwise.    The giving of this instruction under these circumstances, when the defendant had no opportunity to meet the charge, was clearly prejudicial error, for which the defendant was entitled, as a matter of right, to a new trial.

Order affirmed.