MARY MORROW v. ST. PAUL CITY RAILWAY COMPANY.

December 7, 1898.

Nos. 11,378—(114).

**Injury to Fellow Servant—Verdict Sustained by Evidence.**
A verdict finding that a fellow servant was incompetent, and that the master knew, or in the exercise of reasonable care should have known, that fact, *held* sustained by the evidence.

**G. S. 1894, § 5380—Special Verdict Discretionary with Judge.**
Under G. S. 1894, § 5380, it is discretionary with the judge to permit or refuse to permit the jury to return a special verdict in an action for the recovery of money or specific real property.

**Fellow Servant—Evidence of Competency.**
Evidence of certain acts done in one part of the work *held* competent, as tending to show that said fellow servant did not have sufficient judgment and presence of mind to be competent for the other part of the work in which he was employed.

Action in the district court for Ramsey county. At the trial before Otis, J.. and a jury, plaintiff had a verdict for $3,025. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

Under G. S. 1894, § 5380, a party has a right to have the jury instructed that they may, in their discretion, render a special verdict, and a refusal to do so is error. See Adams v. Pollock, 12 Oh. St. 618; Pittsburgh v. Ruby, 38 Ind. 294; 28 Am. & Eng. Enc. 377; 2 Elliott, Gen. Pr. § 926; Lake v. Stupak, 123 Ind. 210; Louisville v. Case, 9 Bush (Ky.) 728; Schultz v. Cremer, 59 Iowa, 182; Heffner v. Brownwell, 78 Iowa, 648; Com. v. Chathams, 50 Pa. St. 181; Jones v. Brooklyn, 61 N. Y. 79; Carr v. Carr, 52 N. Y. 251.

*C. D. & Thos. D. O'Brien*, for respondent.

G. S. 1894, § 5380, has been construed by this court to give authority to the trial court to say, in its discretion, whether or not special findings shall be submitted to the jury. McLean v. Burbank, 12 Minn. 438 (530); Jaspers v. Lano, 17 Minn. 273 (296); Stensgaard v. St. Paul R. E. & T. Ins. Co., 50 Minn. 429.

CANTY, J.

This is the third appeal in this action. See 65 Minn. 382, 67 N. W. 1002, and 71 Minn. 326, 73 N. W. 973. After the case was remanded on the second appeal, another trial was had, the jury returned a verdict for plaintiff, and defendant appeals from an order denying a new trial.

1. Appellant contends that the evidence will not sustain a verdict for plaintiff. We cannot so hold. The two propositions on which plaintiff relied on the trial were (1) that the gripman, Colbeth, was incompetent; and (2) that defendant knew that fact, or in the exercise of reasonable care should have known it.

The evidence on this trial was mainly the same as that on the second trial, discussed in the opinion in the second appeal. It is true, there was on this trial some additional evidence given, and some modifications of the evidence given on the former trial; but

74 M.—31

what is said in the former opinion still applies, and the evidence is sufficient on both propositions to sustain a verdict for the plaintiff. It would not be profitable here to enter into another discussion of the evidence.

2. At the close of the evidence, defendant requested the judge to charge the jury that they might, in their discretion, find a special verdict, forms for which would be handed to them, giving the facts as claimed by the parties. To this was attached a list of special findings, making complete findings of fact in favor of defendant on all the questions in the case, and in about the same form as the findings of fact for defendant would be if the case had been tried by the judge without a jury. Appellant assigns as error the refusal of the court to give this request, and, to sustain its position, cites G. S. 1894, § 5380, which, so far as here material, reads as follows:

"In every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict; in all other cases, the court may direct the jury to find a special verdict in writing, upon all or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon."

The contention is that, in an action for the recovery of money or specific real property, the jury have, under this section, an absolute discretion to render a general or special verdict, and that it is error for the judge to interfere with or control that discretion. There would be much force in the contention that this is the proper interpretation of the first part of the section, if it were not for the last part of the section quoted above, which provides that the court may in all cases instruct the jury, if

"They render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon."

Under this provision the judge may in every case require specific questions of fact to be answered, which will completely cover every issue in the case, and amount in all respects to a special verdict. And, if this is done, it is immaterial whether the jury

are required to render a general verdict or not, as the special findings will control and supersede such general verdict.

The different parts of this section may be reconciled by interpreting the first part to mean that in an action for the recovery of money or specific real property the judge may, in his discretion, instruct the jury that they may, in their discretion, render a general or a special verdict. We adopt this interpretation.

3. It appears by the evidence that Colbeth was employed a part of the time as gripman on the cable line, and a part of the time as motorman on the electric line, and that he was changed back and forth by defendant from the one occupation to the other. On one occasion, while acting as motorman, his car was stalled by reason of there being ice on the rails, which insulated the car wheels, and prevented the electric current from passing off from the wheels to the rails. He did not know that he could start his car by breaking the scale of ice on the rails, so as to make a connection for the current, and was not able to move his car.

The judge charged the jury that they might consider these facts, with many others, in determining whether or not Colbeth was competent as a gripman. This is assigned as error. It may be conceded that, if the question of competency was merely as to Colbeth's skill in the science of running a grip car, this part of the charge would be erroneous.

But it was claimed that he was also incompetent because he did not have sufficient presence of mind in an emergency, and that he was not a man of sufficient judgment, and did not have sufficient strength and acuteness of intellect to be competent for the work of a gripman. On these questions the evidence was competent, and the charge not erroneous. This disposes of all the questions raised having any merit.

Order affirmed.