# JOHN McNAB, TRUSTEE FOR HEIRS OF ANTON C. HARSCH, v. ELAINE JEPPESEN, ADMINISTRATRIX OF ESTATE OF DARRELL M. JEPPESEN.

102 N. W. (2d) 709.

April 14, 1960—No. 37,891.

*Leonard L. Sumner* and *Marc F. LaVelle,* for appellant.
*Brecht & Hedeen,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court and from an order denying plaintiff's motion for a new trial.

The action arises out of a head-on collision on December 16, 1957, 4½ miles north of Worthington, Minnesota, in which both drivers were killed. There were no witnesses as to the exact happening of the collision, which occurred between 8 and 9 a. m. on a clear morning, on a highway which is straight and level with no obstructions to vision. The action was brought for wrongful death under M. S. A. 573.02 by the trustee for the heirs of Anton C. Harsch, the driver and sole occupant of one car, against the administratrix of the estate of Darrell M. Jeppesen, the driver and sole occupant of the other car.

Plaintiff called as his witness Gerald Kittridge, a state patrolman who had investigated the accident shortly after it occurred. On direct examination the patrolman testified concerning various marks on the highway and distances relative to the positions in which the cars came to rest. On cross-examination by the defendant he was asked whether he had any opinion "as to where that impact took place? Whether it took place on the east or the west side of the center line?" Plaintiff objected to the question *solely* on the ground of insufficient foundation, which objection was overruled, and Kittridge replied, "In my opinion, sir, the accident happened on the west side of the pavement."

Plaintiff also called as a witness Jose B. Calva, a registered professional engineer. Plaintiff attempted to elicit an opinion from him as to how the accident happened and in which lane of the highway it happened. Defendant objected to the question "because the inquiry does not relate to any proper subject matter for expert testimony, and it is calling for his conclusion. It invades the province of the jury. It is

incompetent, irrelevant and immaterial. It is basing his answer that he expects to make upon exactly the same things as are available now to the jury for their decision." The court sustained the objection.

The appeal raises three basic issues which must be discussed for a disposition of this case: (1) Was there sufficient and proper foundation for the opinion evidence of the highway patrolman as to the location of the accident? (2) Was this a proper case for expert testimony regarding the location of the accident? (3) Was the opinion evidence of the highway patrolman subject to rebuttal by the opinion of a qualified professional engineer?

■ Whether a sufficient foundation has been laid in a given case rests largely in the sound discretion of the trial court but this discretion is not unlimited, and if it is abused, the trial court's ruling will not be allowed to stand. State v. Simonsen, 252 Minn. 315, 89 N. W. (2d) 910.

Plaintiff contends that there was insufficient foundation for the patrolman's opinion because it was based in part on certain "shadow marks" which he found for the first time at the scene 3 weeks after the accident occurred. Under the record here we believe that there was sufficient information discovered by Kittridge on his investigation immediately following the accident to establish a foundation for his opinion. Under the circumstances the trial court did not abuse its discretion in overruling the plaintiff's objection on the ground of insufficient foundation.

■ On the other hand, we do not believe that this constitutes a proper case for expert testimony as to the location of the accident. In Beckman v. Schroeder, 224 Minn. 370, 28 N. W. (2d) 629, we held that it was prejudicial error to receive in evidence the opinions of a deputy sheriff and a highway patrolman regarding the location of the collision, over the objection that the opinions would invade the province of the jury. In Carmody v. Aho, 251 Minn. 19, 24, 86 N. W. (2d) 692, 695, under circumstances similar to the instant case we held that the opinion of an engineer expert was not admissible in evidence to establish the point of impact of two automobiles involved in a collision, stating:

"The opinion is intended to assist the jury in arriving at a correct conclusion, not to substitute the judgment of the expert for that of the jury in a case where members thereof are as capable of appraising the evidence and arriving at a correct conclusion as is the expert."

We believe this principle is applicable under the circumstances of the instant case.

Under the foregoing, clearly the opinion evidence of Kittridge, the patrolman, would have been inadmissible. However, the opinion must be given probative force because the plaintiff is limited on appeal to the objections he raised in the court below. Becker County Nat. Bank v. Davis, 204 Minn. 603, 284 N. W. 789; Baker v. City of South St. Paul, 202 Minn. 491, 279 N. W. 211. Opinion evidence, which would be inadmissible if objected to on that ground, has probative force if received without objections. Cameron v. Duluth-Superior Traction Co. 94 Minn. 104, 102 N. W. 208; Kenney v. Chicago G. W. Ry. Co. 245 Minn. 284, 71 N. W. (2d) 669, certiorari denied, 350 U. S. 903, 76 S. Ct. 182, 100 L. ed. 793. In the instant case plaintiff only objected to the foundation, but did not object on the ground of invasion of the province of the jury.

■ We then must consider whether the opinion evidence of the patrolman was subject to rebuttal by the opinion evidence of the engineer. While it would seem on the basis of the foregoing that the trial court correctly refused the expert opinion testimony of the engineer, under the circumstances here, we believe that it was error not to admit the testimony.

It will be noted that the opinion testimony of the patrolman, which now must be given probative force, was brought out for the first time upon cross-examination by the *defendant,* who subsequently objected successfully to the introduction of testimony of a similar character on the part of the engineer. Generally where a party elicits evidence he cannot thereafter be heard to say that such evidence is not admissible, and where he offers evidence that certain conditions exist, he cannot complain that the court permits his evidence to be rebutted. 14 Dunnell, Dig. (3 ed.) § 7193; State v. DeZeler, 230 Minn. 39, 41 N.

W. (2d) 313, 15 A. L. R. (2d) 1137; 1 Wigmore, Evidence (3 ed.) § 15.

It is immaterial that the initial inadmissible evidence is brought out on cross-examination. State v. DeZeler, *supra;* State v. Youngquist, 176 Minn. 562, 223 N. W. 917.

We believe that in the situation here where inadmissible opinion testimony is in the record and must be given probative force by the jury, it constitutes prejudicial error to exclude testimony of a similar character introduced by the party who is adversely affected by such testimony.

Reversed and new trial granted.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.