## PATRICK MONTAGNE AND ANOTHER v. MARGUERITE E. STENVOLD.

148 N. W. (2d) 815.

February 17, 1967—No. 40,323.

*Edward R. Soshnik* and *Carroll, Cronan, Roth & Austin*, for appellant.

*K. L. Wallace* and *Donald C. Hanson*, for respondents.

PER CURIAM.

Plaintiff Montagne, driving an American Oil Company gasoline transport, collided with an automobile driven by defendant at or near an intersection of U. S. Highway No. 52 and Third Avenue West in Melrose, Minnesota. Both vehicles were proceeding easterly on U. S. Highway No. 52, and the collision occurred when plaintiff driver was attempting to pass defendant's vehicle as she was attempting to turn left onto Third Avenue. After the collision, the transport overturned in the ditch northeast of the intersection. Whether the point of impact occurred within the intersection, as defendant claimed, or some distance west of it, as plaintiff driver claimed, was a vital issue raised during the trial before a jury. The testimony of each driver as to the position of defendant's vehicle as it began its left turn and also as to the point of impact directly conflicted. The only other witness called by plaintiffs was a highway patrol officer who investigated the accident, arriving shortly after it occurred. Over timely and proper objection, the court permitted the officer to give his opinion as a qualified expert that the impact was between the right front of the transport and the left rear of the automobile and occurred at a point on Highway No. 52, 40 feet west of the intersection and 7 feet north of the centerline of the highway. This opinion supported plaintiffs' claim that defendant was negligent in making an improper left turn at an intersection in violation of Minn. St. 169.19, subds. 1 and 4.

The sole issue raised by defendant's appeal is whether it was prejudicial error for plaintiffs to offer and the court to allow this opinion evidence. While plaintiffs at this stage acknowledged the inadmissibility of opinion evidence concerning the point of impact in motor vehicle accident cases as repeatedly declared in many decisions of this court,[1] they insist that the error was harmless and should be disregarded under Rule 61, Rules of Civil Procedure. We cannot agree. A careful examination of the testimony, together with the rough sketches used by the witnesses, and of the physical

---

[1] Murphy v. Hennen, 264 Minn. 457, 119 N. W. (2d) 489; McNab v. Jeppesen, 258 Minn. 15, 102 N. W. (2d) 709; Carmody v. Aho, 251 Minn. 19, 86 N. W. (2d) 692; Beckman v. Schroeder, 224 Minn. 370, 28 N. W. (2d) 629.

facts does not clearly establish the point of impact. Under the circumstances the jury could well have been unduly influenced by the inadmissible opinion of the officer, the only disinterested witness who testified. Since there was no instruction as to evaluating expert opinion, it is not unreasonable to believe that the jury readily accepted the officer's determination without fully considering and attempting to resolve the conflicting testimony. This suspected substitution of the opinion of a claimed expert for the combined judgment of the jury based on the testimony of those who witnessed the accident is the prejudice which the rule is designed to prevent as we recently explained in Murphy v. Hennen, 264 Minn. 457, 119 N. W. (2d) 489. If, as we continue to believe, the rule should be adhered to, it must be applied to cases such as this where the evidence on the point of impact is conflicting and the jury could have been inadvertently misled into abdicating its responsibility and prerogative of deciding critical fact issues.

Reversed and new trial granted.