# WALLACE SCHOEB v. ROBERT COWLES AND ANOTHER.

156 N. W. (2d) 895.

March 1, 1968—No. 40,476.

*Stewart R. Perry* and *Walter E. Riordan,* for appellant.

*Carroll, Cronan, Roth & Austin* and *Edward R. Soshnik,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying plaintiff's alternative motion for judgment notwithstanding the verdict or a new trial.

The facts of the automobile accident out of which this negligence action arose are relatively unimportant and will not be discussed in detail.

Cars driven by Wallace Schoeb and Robert Cowles crashed head on on Highway No. 14, 3 miles west of Waseca. Both parties were injured. Schoeb brought suit against Robert Cowles and his father, Norbert Cowles, the owner of the car Robert was driving. The defendants answered and counterclaimed against Schoeb for personal injuries and property damage. The counterclaim was later settled and dismissed in so far as it related to the damages to Norbert Cowles' automobile.

The main issue in dispute at the trial was the lane in which the accident occurred. There were no eyewitnesses. After trial the jury returned a verdict in favor of the defendants, but awarding no damages to Robert Cowles. Plaintiff moved for judgment notwithstanding the verdict as to the issue of liability or, in the alternative, for a new trial. The motion was denied.

In his appeal from denial of this motion, plaintiff makes three assignments of error, alleging that the trial court erred in not striking jurors who were clients of one of defendants' attorneys; in denying the motion for a new trial on the ground of misconduct of defendants; and in excluding the opinions of police officers who investigated the accident.

■ In the memorandum accompanying his order denying plaintiff's motion, the trial judge states that during the voir dire examination of the jurors he ascertained that several jurors had employed one of the attorneys for the defendants. The examination of the jurors is

not of record, but according to the trial judge, plaintiff's attorney did not challenge these jurors for actual bias, but inquired whether their relationship to defendant's attorney constituted grounds for challenge based on implied bias. The judge informed plaintiff's attorney that it did not, and there, apparently, the matter rested until the motion for a new trial. The trial court's version of what transpired at the time of the examination, not being controverted by the record, is binding on this court.

Since plaintiff did not challenge the jurors for actual bias, the only question is whether the trial court properly ruled that the jurors' relationship to the attorney did not constitute grounds for challenge based on implied bias. Cf. State v. Ames, 91 Minn. 365, 98 N. W. 190.

Minn. St. 631.31 states the exclusive grounds for challenge for implied bias. Section 631.31 provides in part:

"A challenge for implied bias may be taken for all or any of the following causes, and for no other:

* * * * *

"(2)    Standing in relation of guardian and ward, attorney and client, master and servant, landlord and tenant, or being a member of the family of the defendant, or of the person alleged to be injured by the offense, or on whose complaint the prosecution was instituted, or in his employment on wages."

Clause (2) is somewhat inartfully drawn, but it is reasonably clear that it is the attorney-client relationship between juror and defendant which provides ground for implied bias. Thus it is not enough that the challenged juror be a client of defendant's attorney. In fact, this court has so held. Sorseleil v. Red Lake Falls Milling Co. 111 Minn. 275, 126 N. W. 903. Therefore, the trial judge did not err in refusing to dismiss the jurors for implied bias.

■    At the time of his motion for judgment notwithstanding the verdict or for a new trial, plaintiff submitted an affidavit of juror LaVerne Szyszka in which Szyszka claimed that he had observed "various members of the Jury conversing and laughing with the defendants

during recess, during the course of the trial." Defendants then submitted an answering affidavit of Norbert Cowles, claiming that neither he nor his son had associated or conversed with the jurors. In the memorandum accompanying his order denying plaintiff's motion the trial court stated that he accepted Cowles' affidavit as against Szyszka's.

The trial court's finding that there was no misconduct would seem conclusive as against plaintiff's contention. But plaintiff, citing State v. Snow, 130 Minn. 206, 153 N. W. 526, contends that the answering affidavit was insufficient because, while charges were made against both Norbert and Robert Cowles, only Norbert Cowles denied the charges.

The Snow case found an answering affidavit insufficient to fairly meet the allegations of the affidavit which charged misconduct. Here Norbert Cowles' affidavit did fairly meet Szyszka's charge of misconduct. Szyszka claims that he saw the *defendants* conversing and laughing with the jurors, implying that defendants were together at the time of the alleged misconduct. This being the case, a statement by Norbert Cowles that neither he nor his son conversed with the jury fairly meets Szyszka's charge, for either Norbert or Robert would have personal knowledge of the misconduct charged. Therefore, the trial court did not err in finding that there was no misconduct on the part of defendants.

■　Plaintiff's final contention is that the trial court erred in excluding the opinion of police officers as to the place of collision.

During the course of the trial plaintiff called as witnesses two officers who had investigated the accident. The first officer, Verland D. Roed, was asked if he "relate[d] the marks on the highway to either one of the two vehicles you have drawn on illustration number 20." Defendants' counsel objected to this question as lacking foundation and calling for a conclusion on the part of the witness and the objection was sustained. During the examination of the second officer, Jerry Keenan, the following transpired:

"Q.　After you completed your investigation did you form an

opinion * * * in which lane of traffic the impact between these two automobiles took place?

"A.    Yes, sir.

"Q.    Will you state that opinion, please?

"MR. SOSHNIK [defendants' counsel]: Objected to as calling for a conclusion, no foundation.

"THE COURT: Sustained.

"Q.    Did you formulate conclusions relative to where the impact took place for purposes of submitting data to your Highway Department Safety Bureau?

"MR. SOSHNIK: Incompetent, and I will object as immaterial, your Honor.

"THE COURT: Sustained.

"Q.    Did you form an opinion as to the cause of the markings you saw in the west lane of traffic at the scene of the accident? * * *

"A.    Yes.

"Q.    Will you state what that opinion is?

"MR. SOSHNIK: Same objection, your Honor, no foundation."

This last objection was also sustained.

Plaintiff apparently argues that the question asked of Officer Roed and the last question asked of Officer Keenan sought opinion as to direction of movement rather than point of impact, but it seems clear to us that the expected response was an opinion as to point of impact. If plaintiff had truly sought opinion as to direction of movement, he could have phrased his question to clearly call for such a limited opinion.

It is well settled in this state that opinion as to point of impact usurps the jury's function and is therefore inadmissible. Murphy v. Hennen, 264 Minn. 457, 119 N. W. (2d) 489; Carmody v. Aho, 251 Minn. 19, 86 N. W. (2d) 692. Carson v. Turrish, 140 Minn. 445, 168 N. W. 349, L. R. A. 1918F, 154, cited by plaintiff, is not inconsistent with the above cases, for it holds only that an expert can give his opinion as to direction indicated by the marks. Here it is clear, as discussed above, that plaintiff sought an opinion with respect to point of impact rather than direction of movement.

Plaintiff as much as concedes that opinion as to impact usurps the jury's function, but he claims that exclusion of the opinions was nonetheless error because they were excluded as lacking foundation and calling for conclusions by the witnesses rather than as being invasions of the jury's domain. But this argument ignores the doctrine, long accepted by this court, that a correct decision will not be reversed on appeal simply because it is based on incorrect reasons. Morrow v. St. Paul City Ry. Co. 65 Minn. 382, 67 N. W. 1002. See, State, by Clark, v. Wolkoff, 250 Minn. 504, 85 N. W. (2d) 401. McNab v. Jeppesen, 258 Minn. 15, 102 N. W. (2d) 709, relied upon by plaintiff, is not in point, for it holds that a judge *may* receive improper evidence objected to for the wrong reason, not that he *must* receive it.

It follows that there was no error in rejecting the officers' opinions. Affirmed.