**Marietta Joan ALMAN, Respondent,**

v.

**Gerhart Stephen ANDERSON, et al., Appellants.**

**No. 47481.**

Supreme Court of Minnesota.

April 7, 1978.

Clarance E. Hagglund and Joel M. Muscoplat, Minneapolis, for appellants.

Barna, Guzy, Terpstra, Merrill & Giancola, John W. Terpstra and Paul E. Godlewski, Minneapolis, for respondent.

Heard before KELLY, TODD and YETKA, JJ., and considered and decided by the court en banc.

PER CURIAM.

Marietta Joan Alman was struck and injured by a vehicle operated by Gerhart Stephen Anderson as she walked along the westbound lane of U. S. Highway No. 12 near Cokato, Minnesota. Alman was taken to a hospital where a sample of her blood was drawn pursuant to the request of a Minnesota highway patrolman. The analysis of Alman's blood sample was excluded at trial on the theory that the blood had not been drawn with her consent. The trial court also declined to permit a highway patrolman to render his opinion concerning the point of impact between Alman and the vehicle. The jury found Alman 40-percent negligent and Anderson 60-percent negligent. Defendants appeal. We affirm.

1. Resolution of the issues in this case does not require a detailed statement of facts. At trial, defendants' counsel sought to introduce the results of the alcohol-content analysis of Alman's blood in an effort to establish her contributory negligence.

Counsel for Alman objected on several grounds, the primary contention being that the blood sample was taken from Alman in the hospital emergency room without her intelligent consent. The trial court heard in camera testimony on the consent issue and ruled that Alman's consent was not knowingly given. The blood test results were therefore excluded.

At oral argument before this court, *defendants'* counsel took the position that the blood test results were admissible only if it could be demonstrated that Alman voluntarily consented to the taking of a blood sample from her in the hospital emergency room.[1] As already noted, the voluntariness of Alman's consent was the subject of conflicting in camera testimony at trial. The trial court resolved this conflict in Alman's favor. We have reviewed the record and conclude that the trial court's ruling was not clearly erroneous. Rule 52.01, Rules of Civil Procedure.

2. The trial court also refused to allow a highway patrolman called by defendants to give his opinion as to the exact point at which Alman was struck by the Anderson vehicle. Defendants challenge the correctness of this ruling. While we express no opinion on this issue under the new rules of evidence, at the time this case was tried the inadmissibility of point of impact testimony was well settled. *Schoeb v. Cowles,* 279 Minn. 331, 156 N.W.2d 895 (1968); *Montagne v. Stenvold,* 276 Minn. 547, 148 N.W.2d 815 (1967). The exclusion of the patrolman's testimony was therefore proper.

The judgment of the district court is affirmed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

1. We do not pass on the question of the use of blood samples in civil litigation where there has been no consent to the taking of the blood.