**STATE of Minnesota, Respondent,**

v.

**Donald Harry DEWEY, Appellant.**

**No. 48105.**

Supreme Court of Minnesota.

Dec. 8, 1978.

Weber & Benton, Grand Rapids, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Richard G. Evans, Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

PER CURIAM.

This is a prosecution under Minn.St. 609.-21 for criminal negligence causing a head-on automobile accident resulting in death. The district court has certified two questions to this court for pretrial decision pursuant to Rule 29.02, subd. 4, Rules of Criminal Procedure. The first question relates to the admissibility of test results of a blood sample taken from defendant without his consent when he was in the hospital and showing that his blood alcohol content was .20 percent by weight. The second question relates to the admissibility of accident reconstruction testimony by a trained accident investigator of the Minnesota State Highway Patrol, testimony to the effect that defendant's car was traveling 10 to 15 miles per hour faster than the other automobile involved in the accident and that defendant's automobile had been in the wrong lane for some time before the accident.[1]

1. Defendant's contention that the blood test results are inadmissible is based on the fact that he did not voluntarily consent to the removal of blood. Specifically, defendant argues that this court's decision in *State v. Capelle*, 285 Minn. 205, 172 N.W.2d 556 (1969), held that blood test results are admissible in a prosecution for criminal negligence only if the blood sample was obtained with defendant's consent or pursuant to the provisions of Minn.St. 169.-123, the implied consent statute.

There is no merit to this contention. In fact, in *Capelle* we held precisely the opposite, that the district court in that case had erred in concluding that blood test results were admissible in criminal negligence prosecutions only if the blood was obtained with defendant's consent or pursuant to Minn.St. 169.23. We affirmed the suppression order in that case only because the sole justification offered for the admission of the evidence was that the defendant had voluntarily consented to the removal of blood and because the district court did not clearly err in finding that he had not voluntarily consented.

Left undecided by the *Capelle* case was the question whether blood test evidence could be admitted in a criminal negligence prosecution if the warrantless removal of blood was not only without consent but not incident to arrest. While the appeal in the instant case was pending, we decided that issue, holding on the basis of *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1972), that the warrantless removal of blood for use in a criminal negligence prosecution could be justified under the exigent-

---

1. Defense counsel requested certification of both these issues. Actually, the trial court stated that he would not certify the blood test issue by itself. However, he felt that the admissibility of the accident reconstruction testi-mony was not only important but also doubtful and that he would certify it. He stated that he thought the blood test issue was important but not doubtful, but that defense counsel could raise it on appeal.

circumstances exception to the warrant requirement if the police had probable cause to believe that the driver of the automobile was intoxicated and was guilty of criminal negligence and exigent circumstances necessitated the immediate warrantless removal of blood. See, *State v. Oevering*, 268 N.W.2d 68 (Minn.1978).

In the instant case the district court relied upon the exigent circumstances rationale as a justification for the warrantless removal of the blood. The record before us on appeal is silent on the circumstances surrounding the taking of the sample. On remand defendant, if he requests it, should receive a hearing concerning the circumstances surrounding the taking of the sample to determine whether there was probable cause and exigent circumstances.

■ 2. In arguing that the district court erred in denying the motion to suppress the proposed accident reconstruction testimony by the state trooper, who apparently is a trained expert, defendant relies upon *Carmody v. Aho*, 251 Minn. 19, 86 N.W.2d 692 (1957). In that case we held that the trial court committed reversible error in letting an expert hired by one side state his opinion as to the lane of traffic in which the collision occurred. The court based its opinion partly on its belief that in accident cases "jurors of ordinary intelligence are just as capable of reasoning backward from the evidence and making a correct analysis of what happened as is the expert" and partly upon the belief that "it is well-nigh impossible to reconstruct the accident from the final resting place of the automobiles." 251 Minn. 26, 86 N.W.2d 697.

The approach of the *Carmody* case has been followed by this court in numerous cases since then: *Schoeb v. Cowles*, 279 Minn. 331, 156 N.W.2d 895 (1968); *Montagne v. Stenvold*, 276 Minn. 547, 148 N.W.2d 815 (1967); *Murphy v. Hennen*, 264 Minn. 457, 119 N.W.2d 489 (1963); *McNab v. Jeppesen*, 258 Minn. 15, 102 N.W.2d 709 (1960).

A parallel line of cases, dealing with expert testimony concerning only the speed of automobiles involved in accidents, has taken a slightly different approach, holding that although opinion testimony of lay eyewitnesses is preferred, a qualified expert may give his opinion on speed, based on skid marks, if lay testimony is nonexistent or of little aid to the jury. See, e. g., *LeMieux v. Bishop*, 296 Minn. 372, 209 N.W.2d 379 (1973); *Grapentin v. Harvey*, 262 Minn. 222, 114 N.W.2d 578 (1962).

Recently, in *Dunshee v. Douglas*, 255 N.W.2d 42 (Minn.1977), we at least implied that the same basic rule should govern all kinds of expert accident reconstruction testimony, and that that rule is the one which has been followed with respect to expert testimony concerning speed.

The trend of the cases in other jurisdictions is to leave the matter to the trial court's discretion, allowing the trial court to admit the accident reconstruction testimony if there is a need for the evidence and if the expert is qualified. Most importantly, this is also the approach contemplated by our recently adopted Rules of Evidence. See, Rules 702–704 and 3 Weinstein's Evidence, United States Rules, § 702(01).

Remanded for trial.