**STATE of Minnesota, Appellant,**

v.

**Kevin Patrick GALLAHUE, Respondent.**

No. 48285.

Supreme Court of Minnesota.

Dec. 22, 1978.

---

1. The 1978 legislature repealed Minn.St. 246.43. L.1978, c. 723, § 19. The repeal will go into effect on May 1, 1980. L.1978, c. 723, § 20, subd. 2.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., Thomas Van Horn, Asst. County Atty., Hastings, for appellant.

William Hennessy, St. Paul, for respondent.

Heard before ROGOSHESKE, WAHL, and GODFREY, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is a pretrial appeal by the state pursuant to Rule 29.03, subd. 1, Rules of Criminal Procedure, from an order of the district court suppressing evidence in a prosecution of defendant for criminal negligence, Minn.St. 609.21, driving while license suspended—aggravated violation, Minn.St. 171.245, driving while intoxicated, Minn.St. 169.121, subd. 1(a), and driving with blood alcohol content of .10 percent or more, Minn.St. 169.121, subd. 1(d). The evidence suppressed consists of the results of an involuntary blood test to determine defendant's blood alcohol content and a statement elicited from defendant after he had requested that he be allowed to consult with an attorney. We affirm the suppression order and remand for trial.

■ This prosecution for multiple offenses arises from the accidental death of a young boy in South St. Paul on July 16, 1977. The state joined all four alleged offenses in one prosecution, pursuant to Rule 17.03, subd. 1, Rules of Criminal Procedure,[1] in order to protect itself from any later claim of multiple prosecutions contrary to Minn.St. 609.035, the so-called single-behavioral incident statute. A joint trial for all

1. This rule provides as follows: "Subd. 1. Joinder of Offenses. When the defendant's conduct constitutes more than one offense, each such offense may be charged in the same indictment or complaint in a separate count."

four offenses poses a problem in that the blood test results, while clearly admissible on the criminal negligence charge,[2] are conceded by the state to be inadmissible on the other three charges. The district court's conclusion was that even if a cautionary instruction were given limiting the jury's consideration of the evidence to the criminal negligence charge, there would still be a substantial possibility that the evidence would influence the jury in its consideration of the other charges. Accordingly, balancing the probative value of the evidence on the criminal negligence charge against the likely prejudicial impact of the evidence on the other charge (see Rule 403, Rules of Evidence), the court ordered that the evidence be suppressed at the joint trial. We agree with and adopt the district court's reasoning as our own. As a result, the state must elect to try the defendant for criminal negligence only, using the results of the blood alcohol test, or try the defendant on all charges (other than driving with more than .10% percent blood alcohol content reading) without the test.

 The second issue raised by the state's appeal is whether the court erred in suppressing the statement defendant made to the police after his request to contact an attorney was denied. We hold that the district court did not clearly err in its findings on this issue. Applying the law to these findings, we conclude that the court correctly suppressed the statement made after defendant's request for counsel.

Affirmed and remanded for trial. Defendant is granted attorneys fees of $400.00, pursuant to Rule 29.03, subd. 2(8).

TODD, J., took no part in the consideration or decision of this case.

---

2. *State v. Dewey*, 272 N.W.2d 355 (Minn.1978) (Filed December 8, 1978); *State v. Oevering*, 268 N.W.2d 68 (Minn.1978); *State v. Capelle*, 285 Minn. 205, 172 N.W.2d 556 (1969).