**STATE of Minnesota, Respondent,**

**v.**

**Floyd Neal PATRICK, Appellant.**

**No. CX–84–63.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Review Denied Feb. 27, 1985.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Marvin Ketola, Carlton County Atty., Carlton, for respondent.

C. Paul Jones, Public Defender, Minneapolis, J. Christopher Cuneo, Asst. Public Defender, Smith, Juster, Feikema, Malmon & Haskvitz, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On June 14, 1983, appellant and two friends spent the day drinking and driving. During the course of the day, appellant drove at speeds in excess of 60 miles per hour on residential streets. He nearly collided head-on with a car carrying a woman and her two children. Appellant forced two pedestrians off a road, turned around, and chased them off the road a second time for fun traveling 60 miles per hour.

When the police began to pursue appellant, he decided to outrun them driving up to 80 miles per hour on residential streets.

He ran a police roadblock at high speed, nearly striking a patrol car that had to move to avoid a collision. Appellant ran several stop signs and eventually struck a car, killing the driver.

Appellant appeals his conviction for third degree murder under Minn.Stat. § 609.195 (1982). Appellant claims (1) the facts were insufficient to support his conviction as a matter of law, (2) the jury instructions were erroneous, (3) Minn.Stat. § 609.195 is unconstitutionally broad and vague, (4) the trial court's refusal to allow testimony concerning post-traumatic stress syndrome was error, and (5) the trial court erred by admitting expert testimony concerning the speed of the vehicles at the time of impact.

## ANALYSIS

1. Appellant claims his actions could not be found as "evincing a depraved mind, without regard for human life." Minn.Stat. § 609.195 (1982). We have reviewed the record and believe the jury's verdict is based upon sufficient evidence. *State v. Campion*, 353 N.W.2d 573, 578 (Minn.Ct.App.1984).

2. Appellant claims the trial court's jury instructions were erroneous. The trial court read the standard instruction. CRIMJIG 11.14. An objection was not presented to the trial court. There is no evidence of "plain error affecting substantial rights" or error in fundamental law in the jury instructions. *State v. Malaski*, 330 N.W.2d 447, 451 (Minn.1983); *see State v. Beard*, 288 N.W.2d 717, 718 (Minn. 1980).

3. Appellant's contention Minn. Stat. § 609.195 (1982) is unconstitutional because of vagueness and similarity to Minn.Stat. § 609.205 (1982) is meritless. The language used in section 609.195 is capable of reasonably certain application. *State v. Bolsinger*, 221 Minn. 154, 169, 21 N.W.2d 480, 490 (1946); *State v. Eich*, 204 Minn. 134, 138, 282 N.W. 810, 813 (1938). Likewise:

> There is no reason why the same facts may not constitute separate offenses un-

der different statutes if statutes so provide.

*Bolsinger*, 221 Minn. at 165, 21 N.W.2d at 488.

4. The trial court had the discretion to exclude expert testimony concerning post-traumatic stress syndrome. *State v. Hardimon*, 310 N.W.2d 564, 567 (Minn. 1981); *see also State v. Bouwman*, 328 N.W.2d 703, 705 (Minn.1982).

5. The admission of expert testimony concerning the speeds of the vehicles at the time of impact was within the broad discretion of the trial court. Minn.R.Evid. 702; *see State v. Dewey*, 272 N.W.2d 355, 357 (Minn.1978). Our review of the record discloses no abuse of discretion.

## DECISION

Affirmed.