Mary Lou **TUCKER**, as Trustee for the Heirs of Harold M. Tucker, Deceased, Appellant,

v.

Edwin E. **PAHKALA**, et al., Respondents.

No. 47898.

Supreme Court of Minnesota.

July 14, 1978.

Erickson, Erie & Odland, Crookston, for appellant.

Powell, Drahos, Baer & Anderson, Bemidji, for respondents.

Heard before PETERSON, SCOTT and GODFREY, JJ., and considered and decided by the court en banc.

OTIS H. GODFREY, Jr., Justice.*

This is a wrongful death action commenced by the trustee for the heirs of Harold M. Tucker. At trial, plaintiff objected to the admission of the results of a blood-alcohol test, claiming that the blood sample was taken from Harold Tucker in violation of the implied-consent law, Minn.St. 169.-123. The trial court overruled the objection and admitted the evidence. The jury found

in favor of defendants, and plaintiff's motion for a new trial was denied. We affirm.

On the evening of April 8, 1976, Harold Tucker left the Windy Corner Bar, a 3.2-beer establishment in Euclid, Minnesota, and within minutes thereafter his pickup truck was involved in an accident with a semitrailer, owned by defendant Donald Kemmer and driven by defendant Edwin E. Pahkala.

Harold Tucker was rendered unconscious in the collision and was taken by ambulance to a hospital in Crookston. Later that evening, a Minnesota state trooper who had investigated the accident requested that a blood sample be drawn from the unconscious Harold Tucker by a registered nurse. The blood sample was later examined at the State Crime Laboratory by a chemist, and the results showed a reading of .19 blood alcohol content by weight. Mr. Tucker never did regain consciousness from the time of the accident until his death the next day.

The only issue before this court is whether the results of the blood analysis were admissible where no consent was given to the taking of the blood.

Minnesota's implied-consent law [1] limits the authority of police officers to obtain blood samples from drivers who they believe are intoxicated. Plaintiff maintains that where a blood sample is drawn without consent from an unconscious person under color of the authority of that statute, such evidence should be excluded in a civil action, as it would be in a criminal prosecution for driving while under the influence of an alcoholic beverage.

Plaintiff relies almost exclusively on the case of *McNitt v. Citco Drilling Co.,* 397 Mich. 384, 245 N.W.2d 18 (1976). In construing an implied-consent statute similar

---

\* Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2. and Minn.St. 2.724, subd. 2.

1. Minn.St. 169.123, subd. 2, provides in part: " * * * The test may be administered when the officer has reasonable and probable grounds to believe that a person was driving or operating a motor vehicle while said person was under the influence of an alcoholic beverage, and one of the following conditions exist: (1) the said person has been lawfully placed under arrest for alleged commission of the said described offense in violation of section 169.-121, or an ordinance in conformity therewith; or, (2) the person has been involved in a motor vehicle collision resulting in property damage, personal injury, or death."

to Minnesota's, the Michigan court held that where a blood sample is taken without consent from a driver suspected of being intoxicated, the results of that test cannot be used in any subsequent civil or criminal action.

On the other hand, the Supreme Court of Nebraska in *Branch v. Wilkinson,* 198 Neb. 649, 256 N.W.2d 307 (1977), adopted a more reasoned approach in a similar case where an unconscious defendant gave no consent to the taking of his blood. The Nebraska Court held that the implied-consent statute was applicable only to prosecutions for driving while under the influence of alcohol, and not to civil actions based on negligence.

In *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), the United States Supreme Court considered the issue of whether evidence seized by a police officer in good faith, but nonetheless unconstitutionally, should be inadmissible in a civil case. The court noted that the exclusionary rule had never been applied to exclude evidence from a civil proceeding in either state or Federal courts. The court went on to state that if the exclusionary rule were extended in the manner here suggested, "the enforcement of admittedly valid laws would be hampered * * * and, as is nearly always the case with the rule, concededly relevant and reliable evidence would be rendered unavailable." 428 U.S. 447, 96 S.Ct. 3029, 49 L.Ed.2d 1057.

■■■ By initiating this lawsuit, plaintiff put in issue the negligence of the two drivers involved in the accident. Any prior drinking by either driver would be relevant to that issue. We hold that the test results of the blood sample taken from Harold Tucker were therefore properly admitted.[2] The implied-consent law, §§ 169.121 and 169.123, cannot be used to exclude material evidence and possibly hinder a just result in a civil action. Any other interpretation would extend the scope and effect of that statute beyond its intended purpose.

Affirmed.

---

**2.** This case is distinguishable from the facts in *Alman v. Anderson,* 264 N.W.2d 651, 652, note 1 (Minn.1978).