## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Michael Jamgochian, Administrator
of the Estate of Mary Bibb Brewer, deceased

v.

Charles Daniel Keyes et al.

November 20, 1980

Case No. (Law) 5884

By JUDGE ALBERT H. GRENADIER

The plaintiff has filed a motion to exclude from evidence at the trial of this case all testimony relating to a blood sample taken from Everette M. Brewer on January 12, 1980, and to any certificate of analysis of said sample. During argument held on this motion on November 7, 1980, the Court held that the certificate of analysis was not admissible under the provisions of § 18.2-268 of the Code of Virginia. The admissibility of the certificate will be discussed in this memorandum as well as the question of whether the defendant may introduce evidence other than the certificate relating to the blood sample taken from Mr. Brewer.

In *Russell, Admr. v. Hammond*, 200 Va. 600 (1959), the Virginia Supreme Court held that the certificate of analysis of a blood alcohol test administered to a person was admissible only in a criminal prosecution and was properly excluded in a civil case. In 1980, the Legislature amended § 18.2-268 of the Virginia Code to provide that the certificate of analysis shall be admissible in any court in any criminal *or civil* proceeding as evidence of the facts therein stated and of the results of such analysis (italics added).

It is the opinion of the Court that the admissibility of the certificate in either case is governed by strict

compliance with the statute and can be triggered only by a lawful arrest of the accused. There is neither statutory nor case law precedent for taking a blood sample from the accused, absent a prior arrest. See *State v. Richardson*, 535 P.2d 644 (N.M. App. 1975); *State v. Wetherell*, 514 P.2d 1069 (Wash. 1973). Since the Virginia Legislature made no changes in the arrest provisions of the statute it must be presumed that the intent of the Legislature was to exclude such evidence absent a valid arrest. As there was no valid prior arrest in this case, the certificate of analysis cannot be admissible under the provisions of § 18.2-268 of the Code. It should also be pointed out that only the admissibility of the certificate is addressed in the amendment. The amendment does not either expressly or impliedly authorize the admissibility of other evidence relating to the blood alcohol test.

There is no common law right for a person to take a sample of another's blood, other than authorized medical personnel under medically exigent circumstances. The statute, therefore, is the exclusive method whereby a blood alcohol test may be administered. And strict compliance with the statute should rightfully be a condition precedent to the admissibility of evidence. That the police officers attempted to comply with the provisions of the statute is without question. Certainly the blood was taken and tested under color of the statute, as evidenced by the certificate. But the statute simply was not complied with.

The majority of states have so-called "implied consent" statutes, but few include a provision making the results admissible in civil cases. In those states not having express statutory authority for the admissibility of such test results in civil cases, the courts usually exclude such evidence. See *Lebel v. Swincicki*, 354 Mich. 427, 93 N.W.2d 281 (1958). Other states, however, have reached the opposite conclusion. See *Tucker v. Pahkala*, 268 N.W.2d 728 (Minn. 1978). The Court should point out that the Minnesota statute allows the test to be taken without an arrest whenever a motor vehicle accident occurs. Virginia's implied consent statute, on the other hand, is activated only when a valid arrest precedes the test.

Washington State has an implied consent statute which makes the blood test results admissible in civil cases. RCWA § 46.61.506. In *Meyers v. Harter*, 459 P.2d

25 (Wash. 1969), and *Poston v. Clinton*, 406 P.2d 623 (Wash. 1965), the court implied that unless there is compliance with the statute the test evidence is inadmissible in any form. In these cases the court indicated that unless the accused was advised of his right to refuse the test and voluntarily consented to the test, the evidence would not be admissible.

The evidence taken at the hearing of November 7 is in apparent conflict with regard to Mr. Brewer's consent to the blood test. He testified at the hearing that he signed a written consent (which was not entered in evidence) but that he was never advised that he had a right to refuse the test or that he had the right to secure his own test. He said that he did not have his glasses when he signed the consent. It seems to the Court that before it can rule on the admissibility of the test results, there has to be a factual and legal determination of the validity of the consent. Contrary to the court's ruling in *Poston*, this Court believes that the proper way to handle this inquiry is outside of the presence of the jury. If there is a valid consent, the evidence of the test should be admissible. Otherwise, it should not be admissible.

The defendant argues in his memorandum that the certificate and/or testimony as to the results of the test should be admissible because the criminal law exclusionary rule is not applicable in civil cases, even where the evidence is unconstitutionally obtained. The plaintiff does not seek to invoke the exclusionary rule in this case. He merely says that it is not an issue, and with this contention, the Court agrees. The guarantees against unreasonable searches and seizures embodied in the Fourth Amendment exclusionary rules are applicable only to law enforcement officials seeking to enforce criminal statutes. The usual purpose of the exclusionary rule is to deter improper and unlawful governmental conduct. The courts are hopelessly divided on the applicability of the exclusionary rule in civil cases. For a discussion of this problem see *City of Brunswick v. Speights*, 157 N.J. Super. 9, 384 A.2d 225 (1978). The Court is not at all sure in what capacity the police officers were acting when they had the blood tested. If they were gathering evidence for the prospective civil case, they were doing so in a private capacity and not as law enforcement officials. It is quite obvious that they had no intention of charging

Mr. Brewer with the commission of an offense, and under such circumstances their actions could not be said to have been taken pursuant to lawful authority. The Court does not feel that the cases of *United States v. Calandra*, 414 U.S. 338 (1974), and *Honeycutt v. Aetna Ins. Co.*, 510 F.2d 340 (7th Cir. 1975) cert. denied, 421 U.S. 1011 (1975), are controlling on the issues herein.

The Court does not agree with the defendant's contention that the requirements of § 18.2-268 of the Virginia Code are procedural and not substantive. We do not have a technical procedural failure in the testing and handling of the blood sample that would give rise to a claim of "substantial compliance." See *Kay v. United States*, 255 F.2d 476 (4th Cir. 1958). What we have in this case is "substantial noncompliance," a total breakdown in compliance with the substantive safeguards that were enacted by the Virginia Legislature.

In summary, the Court holds that:

1. The certificate of analysis is inadmissible.

2. The evidence relating to the blood sample taken from Mr. Brewer and to any analysis thereof is admissible only if there was a valid consent to the same.