**Todd Robert LUNDQUIST, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. C0–87–331.**

Court of Appeals of Minnesota.

Sept. 8, 1987.

Todd Robert Lundquist, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peggy L. Bunch, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NORTON and MULALLY,* JJ.

## OPINION

NORTON, Judge.

Respondent was arrested for driving while under the influence and he refused to take a breath test. His license was revoked for refusal pursuant to the implied consent law, and he petitioned for judicial review. The trial court rescinded the revocation, determining that the officer did not have probable cause to believe respondent was driving while under the influence. The Commissioner appeals from the trial court order. Respondent did not submit a brief. This court ordered that the matter

proceed pursuant to Minn.R.Civ.App.P. 142.03, and that respondent is not entitled to participate in oral argument. Minn.R. Civ.App.P. 128.02, subd. 2. We reverse and remand.

## FACTS

On November 2, 1986, at approximately 1:45 a.m., Police Officer Thomas L. Lorentz of the Hopkins Police Department was traveling southbound on 11th Avenue in Hopkins when he saw an individual standing next to a stopped car and knocking over an "Open House" sign. The individual then jumped into the car; the driver started it up and drove away. The officer turned on his lights and stopped the vehicle at the intersection of 11th Avenue South and Seventh Street; he questioned the occupants. The passenger said he was the manager of some nearby apartments, and that he took the sign down because an open house was over.

Lorentz smelled the odor of alcohol in the car and asked the driver to get out so he could determine whether it was coming from the driver or the passenger. Lorentz saw that the driver, respondent Lundquist, had bloodshot and watery eyes, and Lorentz smelled the odor of alcohol on respondent's breath.

The officer gave respondent a preliminary breath screening test, and then arrested him for driving while under the influence. Lorentz read respondent the implied consent advisory, but he refused testing. Respondent's license was revoked pursuant to the implied consent law, and he petitioned for judicial review.

At the hearing, Lorentz testified that the preliminary breath screening machine is calibrated every two weeks, although that task is not his responsibility. He said that he checks the functioning of the instrument by the temperature and by depressing a button that flashes a green light if the machine is functioning properly. If the temperature is not within the proper range or the light does not flash, the machine is not functional. He testified that he

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

checked the device in that manner and it was operating properly. The officer was asked whether the machine had been calibrated within two weeks, and whether it was operating properly. The trial court sustained objections to those questions on foundation grounds, because the calibration log of the instrument was not introduced into evidence.

The trial court determined the Commissioner had not met his burden of proving probable cause, and rescinded the revocation. The court did not reach the issue of whether respondent's refusal was reasonable. The Commissioner of Public Safety appeals.

## ISSUES

1. Did the trial court properly determine that the officer did not have probable cause to believe that respondent was driving while under the influence?

2. Was the respondent's refusal to submit to testing reasonable?

## ANALYSIS

### I.

The trial court concluded the Commissioner failed to prove by a preponderance of the evidence that the officer had probable cause to believe respondent was driving a motor vehicle while under the influence of alcohol, or that he was lawfully arrested. *See* Minn.Stat. § 169.121, subd. 1(a) (1986). The Commissioner appeals, arguing that the officer's observations were sufficient to provide probable cause, and that the trial court erred when it excluded the results of the preliminary breath screening test.

An officer may request a breath sample for a preliminary screening test when the officer has reason to believe the driver may be violating or has violated subdivision 1 of section 169.121. Minn.Stat. § 169.121, subd. 6 (1986). *See State, Department of Public Safety v. Juncewski,* 308 N.W.2d 316, 321 (Minn.1981); *State v. Vievering,* 383 N.W.2d 729, 730 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 16, 1986).

The results of the preliminary screening test are used to decide whether an arrest should be made and whether to request a test authorized by section 169.123; the results may not be used in any court action except to prove a test was properly required of a person pursuant to section 169.-123. Minn.Stat. § 169.121, subd. 6 (1986). The Commissioner here attempted to use the result for that reason.

The trial court determined foundation was lacking because the calibration log was not introduced. The supreme court has addressed the foundation required for introduction of a preliminary screening test. *Windschitl v. Commissioner of Public Safety,* 355 N.W.2d 146, 149 (Minn.1984). A driver asserted the Commissioner was required to prove the reliability of the machine used in the preliminary screening test and that the officer was qualified to administer it; he did not challenge the results of the preliminary screening test or the blood test. The court held:

> The proposed revocation is based on the blood test results; it is not based on the preliminary screening test, which may not be used as evidence of violation of Minn.Stat. § 169.121, subd. 1 (1982), but only as one type of proof of the propriety of requiring a test pursuant to section 169.123, subd. 2. Nothing in the record before us suggests that the trial court abused his discretion in admitting the result of the preliminary screening test into evidence or that the evidence was insufficient to sustain the proposed revocation.

*Id.* at 149 (footnote omitted). There is no requirement that a calibration log must be introduced, and the trial court erred when it did not consider the preliminary breath screening test result. *See Ahrens v. Commissioner of Public Safety,* 396 N.W.2d 653, 656 (Minn.Ct.App.1986) (Commissioner does not have an affirmative burden to produce records or logs of Intoxilyzer.)

We remand for a probable cause determination by the trial court, based on the preliminary screening test result as well as the officer's observations of indicia of in-

toxication. We note that in *Hager v. Commissioner of Public Safety*, 382 N.W.2d 907, 911 (Minn.Ct.App.1986), we affirmed the trial court determination that the officer had probable cause to believe the driver had been driving while under the influence, where the officer observed the driver's eyes were bloodshot and watery, his breath had an odor of an alcoholic beverage, and he failed the preliminary screening test.

## II.

Respondent also asserted that his refusal was reasonable. The trial court did not reach this question. Consequently, on remand, the trial court should address the issue if it finds that there was probable cause to believe respondent was driving while under the influence.

## DECISION

The order of the trial court rescinding the revocation is reversed, and the case is remanded for a probable cause determination and further proceedings consistent with this opinion.

Reversed and remanded.