**Opal A. KOHNER, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C0–91–1564.**

Court of Appeals of Minnesota.

April 14, 1992.

Robert J. Zohlmann, Zohlmann Law Office, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and KLAPHAKE and STONE*, JJ.

## OPINION

DAVIES, Judge.

Appellant's driver's license was canceled unilaterally after the Commissioner of Pub-

lic Safety received a letter from a physician recommending revocation. Appellant, born in 1917, challenged the cancellation. The trial court denied the petition and Opal A. Kohner appeals. We reverse and remand.

## FACTS

On October 27, 1989, appellant's doctor wrote the Department of Public Safety stating his concerns about appellant's driving:

> I am a physician * * * in Minneapolis, and I am writing you about my patient, Mrs. Opal Kohner. Mrs. Kohner has become quite confused over time, not related to any medication or known reversible medical conditions. She persists in her desire to use a motor vehicle, which poses not only a risk to herself but other pedestrians and drivers. The family has expressed similar concern with her being on the road and have to this point been unable to disable her car. I feel it appropriate that Mrs. Kohner's driving license be revoked as another measure in trying to keep Mrs. Kohner off the road.

On receipt of this letter, the Department of Public Safety canceled appellant's driving privileges effective November 13. The reason given was that she was "not physically qualified." The first (and relevant) page of the notice of cancellation was:

DEPARTMENT OF PUBLIC SAFETY   DRIVER AND VEHICLE SERVICES NOTICE

11–07–89
PAGE 1

UNDER THE AUTHORITY OF AND AS DIRECTED BY THE LAWS OF THE STATE OF MINNESOTA YOUR MINNESOTA DRIVER'S LICENSE OR PRIVILEGE TO OPERATE A MOTOR VEHICLE IS HEREBY CANCELLED EFFECTIVE 11–13–89.

REASON FOR WITHDRAWAL:
NOT PHYSICALLY QUALIFIED.

REQUIREMENTS FOR REINSTATEMENT:
* WITHDRAWAL OF ALL PRIVILEGES EFFECTIVE ON ABOVE DATE AND TO CONTINUE UNTIL NOTIFIED OF REINSTATEMENT BY THIS DEPARTMENT.
* SUBMIT SATISFACTORY PHYSICAL EXAM REPORT.

03–24–17   K–560–664–071–237

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment    pursuant to Minn. Const. art. VI, § 2.

The second page of the notice included an address to which the canceled license should be sent. No phone number was included.

On November 21, 1989, appellant appeared before a driver improvement specialist to contest the cancellation and was advised the matter could be submitted to the medical review board.

In a petition dated March 18, 1991, appellant challenged the summary cancellation. The parties stipulated that appellant testified at the hearing that the doctor who sent the letter recommending withdrawal of her driving privileges was no longer her physician at that time, and that the Commissioner did not require an examination prior to the cancellation.

The trial court denied the petition and Opal Kohner appeals.

## ISSUES

1. When a physician makes a report under Minn.Stat. § 171.131, subd. 1, must the Commissioner require the driver to be examined under Minn.Stat. § 171.13, subd. 3, before canceling the driver's license for physical ability?

2. Did the Commissioner's notice of prehearing cancellation of appellant's driver's license satisfy her due process right to notice?

## ANALYSIS

### I.

Subsequent events make this appeal moot,[1] but we take jurisdiction, nonetheless, on the principle that it presents an issue "capable of repetition yet evading review." *In re Peterson*, 360 N.W.2d 333, 335 (Minn.1985).

Minn.Stat. § 171.19 (1988) provides that, in reviewing the Commissioner's deci-sion to cancel a license, the trial court is to take evidence and determine whether the person is entitled to a license or should be canceled. The driver has the burden of showing the Commissioner's actions exceeded his authority or abused his discretion. *See Hintz v. Commissioner of Pub. Safety*, 364 N.W.2d 486, 488 (Minn.App. 1985), *pet. for rev. denied* (Minn. May 20, 1985).

When the Department of Public Safety received the physician's letter, it canceled appellant's driver's license. Appellant argues that the Commissioner must require an examination prior to cancellation:

> Any physician who diagnoses a physical or mental condition which in the physician's judgment will significantly impair the person's ability to operate safely a motor vehicle may voluntarily report the person's name and other information relevant to the condition to the commissioner. The commissioner, upon receiving the report, *shall require* the person so reported to be examined as provided in section 171.13, subdivision 3.

Minn.Stat. § 171.131, subd. 1 (1988) (emphasis added). We read the last sentence to mean that, at a minimum, the person must "be examined." Here, the Commissioner did more; he canceled the license.

The Commissioner cites Minn.Stat. § 171.04, subd. 1(9) (1988), which provides that the department shall not issue a driver's license

> [t]o any person when, in the opinion of the commissioner, such person is afflicted with or suffering from such physical or mental disability or disease as will affect such person in a manner to prevent the person from exercising reasonable and ordinary control over a motor

1. Upon appellant's objection, the trial court did not consider the events which occurred subsequent to the cancellation. Without taking specific notice of what has happened, we assume that in two and a half years appellant would have either regained her license or failed to do so while exercising her rights to pursue a satisfactory physical exam and other evidence of driving competence.

vehicle while operating the same upon the highways.

Minn.Stat. § 171.14 (1988) in turn authorizes cancellation of a person's driver's license when such person would not have been entitled to receive a license under section 171.04.

■ We agree with the Commissioner that upon receipt of the statement from the physician that appellant was a danger to herself and others, the Commissioner properly concluded that appellant was ineligible for driving privileges by virtue of Minn. Stat. § 171.04, subd. 1(9), and under authority of Minn.Stat. § 171.14, he properly canceled her driving privileges.

## II.

■ Appellant contends her due process rights were violated when her license was canceled without notice and a hearing. Appellant contends there was no evidence that any emergency existed and she argues that, except in emergency situations, the state must afford notice and an opportunity for a hearing prior to termination. *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971).

We agree with the Commissioner and the trial court that the situation constitutes an emergency where: the physician reports that appellant was very confused, the physician and her family feared for her safety and the safety of others, and she refused to stop driving. The trial court properly found that a pre-cancellation hearing was not required. *See Gleason v. Wisconsin Dep't of Transp.*, 61 Wis.2d 562, 572–73, 213 N.W.2d 74, 79 (1973) (emergency situation existed justifying cancellation without prior hearing where within a few months there were two episodes of unconsciousness while driving, resulting in collisions).

## III.

■ While the Commissioner acted properly in summarily canceling appellant's license, due process requires a prompt post-revocation review. *See Mackey v. Montrym*, 443 U.S. 1, 12–13, 99 S.Ct. 2612, 2618, 61 L.Ed.2d 321 (1979); *see Heddan v. Dirkswager*, 336 N.W.2d 54, 60 (Minn.

1983). Further, a fundamental requirement of due process is notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

■ In this case, the appellant was informed of her cancellation, but was not given reasonable notice as to how to obtain prompt post-cancellation review. The notice provided little information as to when, where, and how appellant could contest the cancellation. Absent useful notice, appellant's due process rights were violated. *See Tolbert v. McGriff*, 434 F.Supp. 682, 687 (M.D.Ala.1976).

## DECISION

We reverse and remand because of inadequate notice. On remand, the trial court may consider post-cancellation events. This decision shall have prospective effect as to notice, and, unless the issue of notice was raised by a driver prior to this decision, applies only to cancellations subsequent to its release.

Reversed and remanded.