Charles Dean THORSON, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C2–94–480.

Court of Appeals of Minnesota.

Aug. 2, 1994.

Richard N. Indritz, Mound, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HARTEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

HARTEN, Judge.

Appellant Charles Dean Thorson's driver's license was canceled and indefinitely denied as inimical to public safety after respondent Commissioner of Public Safety concluded that appellant had violated the "total abstinence" condition previously imposed upon his driving privileges. The district court denied and dismissed appellant's petition for reinstatement under Minn.Stat. § 171.19. We affirm.

## FACTS

In February, 1989, Charles Dean Thorson's driver's license was revoked, canceled, and denied as inimical to public safety based on three alcohol-related incidents from 1987 to 1989. After he completed alcohol rehabilitation treatment, his driving privileges were reinstated in November, 1990, on condition that he completely abstain from use of alcohol and controlled substances. Thorson signed a "last drink statement" acknowledging this abstention condition.

At about 10:00 p.m. on July 8, 1993, Thorson arrived alone at the All Stars Bar. Later, he met several people there, including Shari Steere, Dana English, and Brady Bottenfield. Thorson agreed to give English a ride home and the two left the bar together in Thorson's automobile. On the way, not far from English's apartment, Thorson's automobile collided with a retaining wall. English suffered minor scrapes and bruises from the crash. Thorson and English walked to English's apartment where English phoned Steere and Bottenfield who then came to her apartment.

The police were notified of the accident by a neighborhood resident, but they did not arrive at the scene until after Thorson and English had left. Although unable to locate Thorson that evening, the police did contact English, Steere and Bottenfield. All three told the police that they believed Thorson had been drinking at the bar before the accident; Bottenfield also said that Thorson "slammed down two or three beers in the house" after the accident. English and Steere later denied seeing Thorson consume alcohol and stated that Bottenfield and Thorson were not left alone while at English's apartment.

When Thorson and his father went to recover the car later that night, they found that it had been impounded. Thorson and his father testified that they phoned the police non-emergency line and reached a recorded message but did not phone 911 because they did not consider the accident an emergency. Thorson contacted the police the next day and voluntarily went into the police station to speak with an investigating officer. However, after being read his Miranda rights, Thorson refused to talk about the circumstances of the accident unless a lawyer was present.

The Commissioner canceled and denied Thorson's driving privileges under Minn.Stat. §§ 171.14, 171.04, subd. 1(8) (1992). Thorson and his father then appeared before the Commissioner's representative to challenge the cancellation. Based on the police records of the accident, the Commissioner's representative determined that there was sufficient cause to believe Thorson had consumed alcohol in violation of his conditional license. Thorson then petitioned the district court for reinstatement of his driving privileges under Minn.Stat. § 171.19. At the hearing he categorically denied consuming alcohol and presented the testimony of his father, English, and Steere. Bottenfield, the witness who had stated that Thorson consumed two or three beers after the accident, could not be located.

The district court denied and dismissed Thorson's petition for reinstatement, noting several inconsistencies in the testimony of Thorson and of his material witnesses. The court noted that English's testimony had changed from "Thorson had been drinking but [I] did not see him actually consuming the alcoholic beverages" to a written statement that "to the best of my knowledge, * * * Charles Thorson had not consumed any alcohol."

The district court also noted conflict between two accounts of the cause of the accident: while English told the police that Thorson crashed the car into the retaining wall while trying to light a cigarette, Thorson and his father told the Commissioner's representative that he swerved to avoid hitting a raccoon. Finally, the district court observed that one of English's roommates later found Thorson's wallet and checkbook under a rug in their apartment building and that Thorson offered no explanation for the presence of these items.

## ISSUES

1. Did the Commissioner have good cause to believe that appellant violated the condition of "total abstinence" from alcohol?

2. Did the district court err by denying and dismissing appellant's petition for reinstatement of his driver's license?

## ANALYSIS

Under Minn.Stat. §§ 171.04, subd. 1(8) and 171.14, the Commissioner shall cancel, deny, and revoke the license of a person where the Commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare. *See Plaster v. Commissioner of Pub. Safety*, 490 N.W.2d 904, 905–06 (Minn.App.1992); *Askildson v. Commissioner of Pub. Safety*, 403 N.W.2d 674, 676–78 (Minn.App.1987) *pet. for rev. denied* (Minn. May 28, 1987).

■ Drivers whose licenses have been refused, revoked, suspended, or canceled by the Commissioner, except where the licenses have been revoked under Minn.Stat. § 169.-123, may petition the district court for reinstatement under Minn.Stat. § 171.19. When considering such petitions, the district court is not bound by the record reviewed by the Commissioner and may consider additional evidence at the hearing. Minn.Stat. § 171.-19; *Goldsworthy v. State, Dept. of Pub. Safety*, 268 N.W.2d 46, 49 (Minn.1978); *Gardner v. Commissioner of Pub. Safety*, 423 N.W.2d 110, 113 (Minn.App.1988).

■ Generally, there is a presumption of regularity and correctness when license matters are reviewed. *Antl v. State Dept. of Pub. Safety*, 353 N.W.2d 240, 242 (Minn.App. 1984). This court will not reverse a license determination unless it finds that it is unsupported by substantial evidence or is arbitrary and capricious. *Mechtel v. Commissioner of Pub. Safety*, 373 N.W.2d 832 (Minn.App. 1985).

The Commissioner must act with "good cause." Minn.Stat. §§ 171.04, subd. 1(8). *See Plaster*, 490 N.W.2d at 906 (the Commissioner must present "some evidence" to show there was good cause to believe violation of total abstinence clause had occurred). Appellant must show that the Commissioner acted unreasonably. Here, Thorson argues that he is entitled to have his driver's license reinstated because (1) the Commissioner failed to present evidence showing good cause for his cancellation and denial of his license, and (2) the district court erred by considering only the record before the Commissioner, which contained allegedly inadmissible hearsay statements, rather than considering the testimony of Thorson's witnesses at the reinstatement hearing. We disagree.

■ 1. The Commissioner presented evidence, including the police records of the car accident and statements by English, Steere and Bottenfield, to show that there was good cause to believe that Thorson had consumed alcohol in violation of his total abstinence condition. The use of this type of evidence to support the Commissioner's determination of good cause is specifically permitted, *see* Minn.Stat. § 169.128; Minn.R. 7503.0100, subpt. 11A, B (1993). We conclude that the district court did not err by determining that the Commissioner sufficiently proved good cause to cancel and deny Thorson's conditional license under Minn.Stat. §§ 171.04, subd. 1(8) and 171.14.

■ 2. Thorson next argues that the district court erred by reviewing only the record presented to the Commissioner, which included the hearsay statements of Bottenfield, rather than considering the evidence presented at the hearing. This argument fails because the district court did conduct a hearing and did receive the live testimony of Thorson and his witnesses as permitted by statute. *See* Minn.Stat. § 171.19. There is no support for the allegation that the district court limited its review to the record as presented to the Commissioner.

■ The evidence presented at trial was the testimony of witnesses who had previously given statements to the police. It is apparent that the district court's decision to deny and dismiss Thorson's petition was based on its determination that Thorson and his material witnesses were not credible. This court must give due regard to the district court's assessment of the credibility of a witness. Minn.R.Civ.P. 52.01. Moreover, the district court has no obligation to believe the testimony of a witness at a hearing rather than previous inconsistent testimony from that same witness. *See State v. Oliver*, 502

N.W.2d 775 (Minn.1993) and *State v. Ortlepp,* 363 N.W.2d 39 (Minn.1985).

■ Thorson also argues that the district court erred by considering Bottenfield's hearsay statements that Thorson had consumed alcohol after the accident. The district court, however, was required at least to examine the evidence reviewed by the Commissioner's representative in order to determine whether the Commissioner had good cause to cancel and deny Thorson's license. In short, we are convinced that the district court properly considered the hearsay statements.

■ Finally, the totality of the circumstantial evidence indicates that the district court did not err by denying Thorson's petition for reinstatement. The circumstantial evidence includes: Thorson's presence alone at a bar; the witnesses' original statements in which they indicated that they thought he was drinking; the one-car accident and the inconsistent explanations of its cause; the police report containing Bottenfield's statement to the police that Thorson "slammed down two or three beers" after the accident; Thorson's failure to report the accident that night; and the presence of Thorson's checkbook and wallet under a rug at English's apartment building.

### DECISION

The district court did not err by determining that the Commissioner presented evidence showing good cause for the cancellation and denial of Thorson's driver's license, or by considering all evidence presented before the Commissioner together with the live testimony at the reinstatement hearing.

**Affirmed.**