Patrick John IGO, petitioner,
Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C0–00–262.

Court of Appeals of Minnesota.

Aug. 1, 2000.

Review Denied Oct. 17, 2000.

Brian M. Marsden, Roseville, for appellant.

Mike Hatch, Attorney General, Jeffrey F. Lebowski, Joel A. Watne, Assistant Attorneys General, St. Paul, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, KALITOWSKI, Judge, and STONEBURNER, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Patrick John Igo challenges the district court's order sustaining the

cancellation of his driver's license by the Commissioner of Public Safety, arguing that the court erred in finding the Commissioner of Public Safety had sufficient cause to believe appellant had violated the total abstinence restriction on his driver's license by consuming "nonalcoholic" beer.

## FACTS

The parties do not dispute the relevant facts. Following several DUI convictions and driver's license revocations in the 1980s, appellant Patrick John Igo's driving privileges were reinstated subject to a condition of total abstinence in 1990. At approximately 1:00 a.m. on September 4, 1999, appellant was stopped by a Washington County sheriff's deputy for speeding on his motorcycle. Upon approach, the deputy noticed a distinct odor of alcoholic beverage and asked if appellant had been drinking. Appellant indicated that he had consumed several cans of Sharp's, a "nonalcoholic" beer. Appellant was pleasant and cooperative, and displayed no indicia of intoxication other than the odor of alcohol.

While running a driver's license check, the deputy discovered the abstinence restriction on appellant's license. He administered a portable breath test that registered a steady green light, indicating the presence of alcohol in appellant's system in a concentration between 0.004 and 0.055. The deputy gave appellant a verbal warning for speeding, issued a citation for violating the abstinence restriction, and reported the incident to the Commissioner of Public Safety.

The commissioner subsequently cancelled appellant's license based on his violation of the total abstinence restriction, and the cancellation was upheld by a reviewing officer. Appellant filed a petition for reinstatement with the district court, pursuant to Minn.Stat. § 171.19 (1998). At the hearing on his petition, the parties stipulated that Sharp's beer contains 0.37 percent alcohol.

The district court determined that because the commissioner had presented evidence that Sharp's beer contains alcohol, this case was not controlled by this court's decision in *Plaster v. Commissioner of Pub. Safety*, 490 N.W.2d 904 (Minn.App. 1992). The district court concluded that the commissioner had sufficient cause to believe appellant had violated his abstinence restriction and that the cancellation of his driving privileges was not arbitrary or capricious.

## ISSUES

1. Did the district court err by applying an arbitrary-and-capricious standard of review to the Commissioner of Public Safety's cancellation of appellant's license?

2. Did the commissioner have sufficient cause to believe appellant had violated the abstinence restriction on his driver's license based on appellant's consumption of "nonalcoholic" beer?

## ANALYSIS

 There is a presumption of regularity and correctness when license matters are reviewed. *Thorson v. Commissioner of Pub. Safety*, 519 N.W.2d 490, 493 (Minn.App.1994). This court will not reverse a license determination unless it finds that it is unsupported by substantial evidence or is arbitrary and capricious. *Id.* The Commissioner of Public Safety must present some evidence to show that sufficient cause existed to believe a violation of the total abstinence clause occurred. *Plaster v. Commissioner of Pub. Safety*, 490 N.W.2d 904, 906 (Minn.App. 1992). Appellant must show that the commissioner acted unreasonably. *Thorson*, 519 N.W.2d at 493.

### I.

 The district court upheld the cancellation of appellant's license after concluding that the commissioner's decision was not arbitrary or capricious given the undisputed presence of alcohol in appellant's system. Appellant argues that the

court applied the incorrect standard of review under this court's recent holding in *Madison v. Commissioner of Pub. Safety,* 585 N.W.2d 77 (Minn.App.1998), *review denied* (Minn. Dec. 15, 1998). We disagree.

In *Madison,* we held that because Minn. Stat. § 171.19 (1998) authorizes the district court to take new evidence at a hearing on a petition for reinstatement, the court must do more than simply determine whether the commissioner had sufficient cause for cancellation based on the facts known at the time of the initial cancellation. *Madison,* 585 N.W.2d at 83. Under *Madison,* the district court must weigh witness credibility and all of the evidence, and independently determine whether the cancellation is justified. *Id.* at 82–83.

Although appellant is correct that *Madison* requires a district court to review license revocations and cancellations de novo, he has not shown that the district court failed to do so in this case. The record reflects that the court received new evidence at the hearing on appellant's petition, including the parties' stipulation concerning the alcohol content of Sharp's beer and testimony from both appellant and the investigating officer. Because no facts were in dispute, it was not necessary for the court to make credibility determinations. Further, the findings and conclusion reflect that the court examined the facts and resolved the case after the appropriate independent review.

## II.

■ The Commissioner of Public Safety has the authority to require complete abstinence from alcohol and other controlled substances as a continuing condition for retaining a driver's license. *Askildson v. Commissioner of Pub. Safety,* 403 N.W.2d 674, 677 (Minn.App.1987), *review denied* (Minn. May 28, 1987). The commissioner's regulations require cancellation of a driver's license that is reinstated subject to an abstinence restriction if the commissioner has sufficient cause to believe the driver has consumed alcohol after completing re-

habilitation. Minn. R. 7503.1300, subp. 3 (1999).

■ The district court upheld the cancellation based on its interpretation of the undisputed facts, the commissioner's regulations, and the scope of the impact of this court's decision in *Plaster.* We review the district court's application of the law de novo when the material facts are not in dispute. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

■ Appellant argues that the commissioner lacked sufficient cause to believe that he violated his abstinence restriction because, under this court's holding in *Plaster,* the consumption of Sharp's beer cannot constitute such a violation. We disagree.

Appellant misconstrues the holding in *Plaster.* In that case, we reversed a license revocation after concluding that the commissioner had failed to show sufficient cause to believe that the driver had violated his abstinence restriction. 490 N.W.2d at 908. As here, the driver presented evidence indicating he had only consumed Sharp's "nonalcoholic" beer, which discloses on its label that it " 'contains less than 0.5 percent alcohol by volume.' " *Id.* at 907. But, unlike the facts here, in *Plaster* the commissioner failed to present any evidence that Sharp's contains alcohol, necessarily rendering the license cancellation without sufficient cause under Minn. Stat. § 171.14 (1998). *Id.* at 907.

Here, the commissioner provided the evidentiary basis that was lacking in *Plaster.* This evidence consisted of (1) appellant's admission that he consumed three to four cans of Sharp's beer; (2) the stipulated fact that Sharp's beer contains 0.37 percent alcohol; and (3) the results of appellant's breath test, indicating the presence of alcohol in his system. Based on this evidence, the district court did not err in finding that appellant violated the terms of the commissioner's regulations, which mandate cancellation whenever a licensee subject to an abstinence restriction con-

sumes "alcohol." Minn. R. 7503.1300, subp. 3.

Appellant also contends that under *Plaster*, the consumption of Sharp's beer cannot violate an abstinence restriction because Sharp's is not an "intoxicating beverage." We disagree. Rule 7503.1300, subpart 3, specifically provides that the consumption of "alcohol" is a violation of an abstinence restriction. Appellant has not attempted to argue that this rule is invalid or beyond the scope of the commissioner's authority, nor did *Plaster* so hold. Rather, the holding in *Plaster* was that because the commissioner failed to establish sufficient cause to believe Plaster had consumed alcohol, the district court erred by prematurely shifting the burden of proof to Plaster to show that the commissioner had acted unreasonably. 490 N.W.2d at 906–07.

Appellant cites language in *Plaster* concerning the fairness of revoking a driver's license based on the consumption of a beverage that contains so little alcohol that it is labeled "nonalcoholic." *Plaster*, 490 N.W.2d at 908. But this discussion was not essential to the resolution of the case and is therefore dictum, which is not binding in subsequent cases. *K.R. v. Sanford*, 588 N.W.2d 545, 548 (Minn.App.1999), *aff'd* 605 N.W.2d 387 (Minn.2000).

Appellant also argues that the commissioner's cancellation here is unfair because it punishes a driver under an abstinence restriction when the driver has deliberately avoided the consumption of intoxicating beverages. But we have previously held that the abstinence requirement serves to minimize the risk to the public "by requiring known repeat offenders to prove abstinence and sobriety for a prescribed period of time." *Mechtel v. Commissioner of Pub. Safety*, 373 N.W.2d 832, 835 (Minn.App.1985). Thus, the abstinence requirement serves a rational purpose of ensuring that a driver who has already been deemed "inimical to public safety" can demonstrate self-control by abstaining from all alcohol consumption. It is for this reason that the commissioner can require abstinence even when the driver is not behind the wheel of a vehicle. *See Askildson*, 403 N.W.2d at 677. We conclude that likewise the commissioner can impose a restriction of total abstinence from alcohol, even where there is no evidence of a risk that the consumption could result in intoxication.

## DECISION

The district court did not err in sustaining the cancellation of appellant's driver's license. The record supports the conclusion that the commissioner established sufficient cause to believe that appellant violated his abstinence restriction and that appellant failed to show that the commissioner's actions were unreasonable.

**Affirmed.**