*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1688**

Lawrence Dean Westby, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed June 22, 2015
Affirmed
Stauber, Judge**

St. Louis County District Court
File No. 69VI-CV-14-199

Bryan M. Lindsay, The Trenti Law Firm, Virginia, Minnesota (for appellant)

Lori Swanson, Attorney General, Elizabeth Oji, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Stauber, Judge.

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant challenges the cancellation of his driver's license for violation of the alcohol-abstinence requirement, arguing that (1) the preliminary-breath-test results were unreliable because his inhaler use caused a false-positive result and, therefore, there was insufficient cause to believe that appellant had consumed alcohol and (2) his

constitutional rights were violated when he was not given an implied-consent advisory prior to the preliminary breath test. We disagree and affirm.

## FACTS

In 2000, appellant Lawrence Dean Westby's license was cancelled as inimical to public safety after convictions of multiple driving-while-intoxicated offenses. In 2007, after rehabilitation, Westby's driving privileges were reinstated with restrictions, including signing a statement agreeing

> not [to] consume any drink or product containing alcohol or controlled substances [and]
> . . . .
> that refusal to provide a test to determine if [he has] consumed any drink or product containing alcohol . . . as requested by a peace officer, who believes [he has] been consuming . . . alcohol . . . will be sufficient evidence of consumption and will result in the cancellation and denial of [his] privilege to drive. . . .

On March 7, 2014, Westby was stopped by law enforcement after he failed to signal a turn. When the officer spoke to Westby, she noticed that his eyes were watery and that there was an odor of alcohol emanating from inside his vehicle. Westby denied consuming alcohol and claimed that the odor came from his passenger. The officer ran Westby's license and discovered the total-abstinence restriction. She then administered field sobriety tests, including a horizontal-gaze nystagmus test, a walk-and-turn test, and a one-legged-stand test. All three tests indicated impairment.

The officer then attempted to administer a preliminary breath test (PBT). She testified that Westby "was deliberately just delaying or trying to interfere with the PBT"

2

by placing his tongue in front of the mouthpiece and not blowing as instructed. After six attempts, an officer obtained a "manual capture" which indicated a blood alcohol content (BAC) of 0.03. Local police officers arrived later and attempted to administer three or four more PBTs, eventually obtaining a manual capture which indicated a BAC of 0.028. Westby was subsequently arrested for violating his alcohol-abstinence restriction, and his license was again canceled as inimical to public safety.

Westby admits that before he was pulled over he had visited three bars, but he denies consuming alcohol. Westby smokes one-to-two packs of cigarettes daily and has significant health problems, including asthma and chronic obstructive pulmonary disease, which he treats with an albuterol inhaler. Westby asserts that due to impaired lung function he cannot successfully complete a PBT. He claims he told the officers he needed his inhaler, and when they did not respond to this request, he used the inhaler. But the first officer testified she was present throughout the traffic stop and did not observe Westby use an inhaler at any point. The district court found that it had "received no evidence indicating that the use of an albuterol inhaler would trigger a false positive test for alcohol from a PBT." The court upheld respondent Commissioner of Public Safety's decision to cancel Westby's driving privileges as inimical to public safety, finding that the commissioner had sufficient cause to believe that Westby had violated his abstinence requirement. This appeal followed.

## D E C I S I O N

We review the district court's findings of fact for clear error. *In re Source Code Evidentiary Hearings*, 816 N.W.2d 525, 537 (Minn. 2012). Findings of fact are clearly

erroneous only when this court is "left with a definite and firm conviction that a mistake has been committed." *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002) (quotations omitted). The review of license matters has a "presumption of regularity and correctness." *Igo v. Comm'r of Pub. Safety*, 615 N.W.2d 358, 360 (Minn. App. 2000), *review denied* (Minn. Oct. 17, 2000). We will not reverse a license cancellation unless it is "unsupported by substantial evidence or is arbitrary and capricious." *Id.*

The commissioner has the authority to impose license restrictions where there is good cause, including requiring total abstinence from alcohol. Minn. Stat. § 171.09, subd. 1(a) (2014); *Askildson v. Comm'r of Pub. Safety*, 403 N.W.2d 674, 677 (Minn. App. 1987), *review denied* (Minn. May 28, 1987). When the commissioner has sufficient cause to believe a driver with an abstinence restriction has consumed alcohol, the commissioner "shall cancel and deny the driver's license." Minn. R. 7503.1700, subp. 6 (2013). The commissioner "must present some evidence to show that sufficient cause existed to believe a violation of the total abstinence clause occurred." *Igo*, 615 N.W.2d at 360. But the driver then has the burden to prove that he did not consume alcohol. *Madison v. Comm'r of Pub. Safety*, 585 N.W.2d 77, 82 (Minn. App. 1998), *review denied* (Minn. Dec. 15, 1998).

Westby asserts that the district court erred by admitting the PBT results as evidence because they were unreliable based on his physical inability to provide an adequate breath sample and because his inhaler use caused a false positive result. He argues that, without the PBT results, there was insufficient evidence to show that he had

4

consumed alcohol in violation of his abstinence requirement.  There is sufficient cause to

believe a person has consumed alcohol where there are:

> grounds put forth in good faith which are not arbitrary, irrational, unreasonable, or irrelevant and which make the proposition asserted more likely than not, provided the grounds are based on
> . . . .
> D.    facts of which the commissioner or the commissioner's employees have personal knowledge[.]

Minn. R. 7503.0100, subp. 11 (2013).

Here, the officer testified that she believed Westby was intentionally interfering

with the PBT, not that he was unable to perform based on lung impairment.  The district

court found that "[b]y a fair review of the evidence, it appears [Westby] failed to fully

cooperate with law enforcement's attempts to perform PBTs," and Westby does not show

that this finding is clearly erroneous.

Moreover, there was no testimony, other than Westby's, that he used his inhaler at

any point during the traffic stop.  Instead, an officer testified that she was present during

the entire traffic stop and that she did not observe Westby use his inhaler at any point.

And, even if Westby used his inhaler, he does not provide evidence that the inhaler

caused a false positive result.  The commissioner submitted a scholarly article to the

district court regarding the effects of inhalers on false positives for mouth alcohol.  The

albuterol inhaler tested in the study did not produce a false positive result, and the study

concluded that (1) "the only constituent of inhaler medications which might exert an

effect on the [breathalyzer] is ethanol, which is present in only a few such products,"

(2) "even when alcohol is present, a relatively high concentration is required" to have any

effect on the breathalyzer; and (3) utilizing a fifteen-minute-deprivation period prior to testing will "eliminate any possibility of interference from alcohol present in an inhaler medication." Barry K. Logan et al., *Evaluation of the Effect of Asthma Inhalers and Nasal Decongestant Sprays on a Breath Alcohol Test*, J. Forensic Sci. 197, 197-99 (1998). There is no indication that Westby's albuterol inhaler would cause a false positive result, or that a fifteen-minute waiting period was not observed, especially when multiple tests were attempted over an extended period of time.

Westby also claims that there was no evidence that the PBT device was properly calibrated or tested. But such evidence is unnecessary. *See Lundquist v. Comm'r of Pub. Safety*, 411 N.W.2d 608, 610 (Minn. App. 1987).

Further, even if the PBT was unreliable, there were other indications that Westby consumed alcohol. *See Antl v. State, Dept. of Pub. Safety*, 353 N.W.2d 240, 243 (Minn. App. 1984) (concluding that an alcohol test is not a necessary element in proving intoxication). While Westby provides explanations for the indicia of intoxication and his failure to satisfactorily complete field sobriety testing, the district court likely found these explanations not credible because it found there was sufficient cause to believe Westby consumed alcohol. *See Snyder v. Comm'r of Pub. Safety*, 744 N.W.2d 19, 22 (Minn. App. 2008) ("Due regard is given to the district court's opportunity to judge the credibility of witnesses."). While the officer was unable to testify to some of the details of the field sobriety testing, she testified consistently with her report, which was made proximate to the incident. Based on this record, Westby has not rebutted the

commissioner's allegations that he violated the zero-tolerance policy and thus did not meet his burden to prove that he was entitled to license reinstatement.

Additionally, Westby claims that the administration of a PBT violated his constitutional rights because he was not given an implied-consent advisory. But Westby did not raise this issue to the district court. We generally will not consider issues that were not raised or litigated below and thus will not consider this claim. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988); *see also Connolly v. Comm'r of Pub. Safety*, 373 N.W.2d 352, 354 (Minn. App. 1985) (holding that because appellant did not raise the issue to the district court that he was denied the right to an additional BAC test, that issue could not be reviewed on appeal). But even if we were to consider the merits, Westby's constitutional claim fails: we have previously held that where a driver whose license is conditioned on total alcohol abstention is found to have consumed alcohol, the license may be cancelled as inimical to public safety even if the evidence would not be admissible in an implied-consent proceeding. *Ascher v. Comm'r of Pub. Safety*, 527 N.W.2d 122, 125-26 (Minn. App. 1995), *review denied* (Minn. Mar. 21, 1995).

**Affirmed.**